***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY FERNANDEZ, | |
| Plaintiff, | Civil Action No. 15-7309 (SDW) |
| v. | **OPINION** |
| DETECTIVE CHRISTOPHER WRIGHT, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff, Anthony Fernandez. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3). As this Court finds that leave to proceed *in forma pauperis* is authorized, *see* 28 U.S.C. § 1915(a)(1)-(2), this Court will grant Plaintiff's application. As this Court is granting Plaintiff *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

**I. BACKGROUND**

Plaintiff, Anthony Fernandez, is a convicted state prisoner currently detained at the Albert C. Wagner Youth Correctional Facility. (Document 1 attached to ECF No. 1 at 1-2). Plaintiff was arrested following a search of his home on September 22, 2011. That search arose out of an operation wherein Defendant Christopher Wright of the New Jersey State Police led a team

consisting of police detectives, state troopers, and D.E.A. agents in overseeing two confidential informants who were wired and sent into Plaintiff's home to purchase drugs. (Document 1 attached to ECF No. 1 at 12). Under police instruction, these informants entered Plaintiff's home, confirmed that cocaine was contained in the home, and exited the house with Plaintiff under the guise of returning to their car to pay Plaintiff for drugs the informants were to purchase. (Document 3 attached to ECF No. 1 at 15). Plaintiff and the informants were then arrested after an informant gave police a signal indicating that drugs were in the house. (*Id.* at 15-16). Because the informant told the police that there were other adults in the home, the police then entered and secured the home until such time as a search warrant could be obtained. (*Id.* at 16).

Following the securing of the premises, Detective Wright and Deputy Attorney General Christopher Romanyshyn applied for and received a telephonic search warrant from Judge Roger Daley. (*Id*. at 15-18). Police then searched Plaintiff's home and found both cocaine and marijuana. (*Id.* at 19). Plaintiff alleges multiple times in his complaint that the warrant in question was procedurally faulty under New Jersey law, and also alleges that police searched his home while securing it and prior to obtaining the warrant. (Document 1 attached to ECF No. 1 at 12-13).

While the vast majority of Plaintiff's claims arise out of allegations regarding the search of his home and the alleged faults in the warrant granting permission for that search, he also raises an additional claim against Wright and a D.E.A. agent named Augustus Nyekan arising out of his trial. (Document 1 attached to ECF No. 1 at 13). Specifically, Plaintiff alleges that during his trial "Nyekan and Det. Wright testif[ied] falsely to cover up" certain alleged deficiencies in Plaintiff's arrest. (*Id.*). Plaintiff alleges that the detective and agent fabricated testimony that an

2

informant signaled that drugs were in the home using his hat during the arrest, and that it was this signal that gave the officers the exigent circumstances needed to secure and search the home. (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F.

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B.  Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's complaint as raising claims for illegal search and seizure in

---

App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

violation of Petitioner's Fourth and Fourteenth Amendment rights,[2] false arrest and false imprisonment in violation of Plaintiff's Fourth and Fourteenth Amendment rights, and a claim that DEA Agent Augustus Nyekan testified falsely against him.

Plaintiff claims that Defendants illegally searched his home on September 22, 2011, and that he was also arrested on that date. Plaintiff's illegal search and seizure and false arrest and false imprisonment claims, however, are subject to the two year statute of limitations applicable to all claims brought pursuant to § 1983 in New Jersey. S*ee, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Claims for illegal search and seizure therefore accrue on the date of the search or seizure. *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). Where a plaintiff is ultimately prosecuted, however, a claim for false arrest or false imprisonment accrues on the date on which the plaintiff becomes detained pursuant to legal process, such as by arraignment or a bail hearing. *Wallace v. Kato*, 549 U.S. 384, 389-90, 397 (2007).

The search of Plaintiff's home took place on September 22, 2011. According to the records Plaintiff attaches to his complaint, he was arraigned and received his bail hearing that same day.[3] (Document 3 attached to ECF No. 1 at 4). Plaintiff was therefore held pursuant to

---

[2] Plaintiff also alleges in his complaint that the Deputy Attorney General and Detective Wright's actions in securing the search and arrest warrants used in this case were procedurally defective. These claims essentially go to the validity of the warrants and in turn the validity of Plaintiff's arrest and the search of his home, and this Court does not construe those allegations as presenting a stand-alone claim.

[3] Documents Plaintiff provides with his complaint also establish that Plaintiff's judgment of

legal process as of September 22, 2011.   Thus, the statute of limitations began to run on both Plaintiff's illegal search and seizure and false arrest claims as of that date.   *Wallace*, 549 U.S. at 397; *Woodson*, 503 F. App'x at 112.   The statute of limitations as to those claims had therefore run as of September 22, 2013.   As Plaintiff did not file his complaint until more than two years later, on or about October 2, 2015, and as this Court perceives no basis for the tolling of the statute of limitations for these claims, Plaintiff's claims for illegal search and seizure as well as for false arrest and false imprisonment must be dismissed as time-barred.   *Patyrak*, 511 F. App'x at 195.

While Plaintiff does not clearly attempt to plead a claim for malicious prosecution, he seeks damages for his continued incarceration following his bail hearing, through his ultimate conviction, and to the present day as a convicted prisoner.   As the Supreme Court has explained, "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges.   Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process."   *Wallace*, 549 U.S. at 389-90.   Any damages Plaintiff incurred from his incarceration following his bail hearing through his conviction would therefore only be available were Plaintiff to succeed on a claim for malicious prosecution, and not for a claim of false arrest or false imprisonment.   *Id.*

---

conviction in this case was entered on December 6, 2012.   (Document 8 attached to ECF No. 1 at 53).   As such, Plaintiff was held pursuant to his conviction for more than two years before he filed his complaint in October 2015, and the statute of limitations would still have run even if Plaintiff had not received a bail hearing on the date specified in the documents attached to his complaint.   *Wallace*, 549 U.S. at 397; *Patyrak*, 511 F. App'x at 195.

      A claim for malicious prosecution requires that a plaintiff plead that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).   A claim for malicious prosecution thus requires that a plaintiff show that his criminal trial terminated in his favor.   *Id.*   Plaintiff, however, specifically notes that he remains imprisoned as he has been convicted of the underlying crimes.   He has therefore not shown favorable termination, and has not pled a viable claim for malicious prosecution.   *Id.*   Even had Plaintiff pled a claim for malicious prosecution, such a claim would not be actionable until such time as Plaintiff has had his conviction invalidated.   *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).   Thus, to the extent that Plaintiff seeks damages arising out of his imprisonment during his trial and following his conviction, such a claim is barred until such time as Plaintiff's conviction has been invalidated.[4]   *Wallace*, 549 U.S. at 389-90; *Heck*, 512 U.S. at 489-90; *Halsey*, 750 F.3d at 296-97.

     In his final claim, Plaintiff asserts that DEA Agent Nyekan and Detective Wright testified falsely against him at trial.   Under § 1983, "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony.   When a witness is sued because of his testimony, . . . the claims of the individual must yield to the dictates of public policy."   *Rehberg v. Paulk*, --- U.S. ---, ---, 132 S. Ct. 1497, 1505 (2012).   Because witnesses are entitled to absolute immunity

---

[4] Likewise, to the extent that Plaintiff seeks an immediate or speedier release, such relief would not be available in a § 1983 action, but would only be available via habeas corpus.   *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

for their testimony at trial, Plaintiff's claim against Agent Nyekan and Detective Wright for allegedly providing false testimony must be dismissed for failure to state a claim for which relief can be granted as both are absolutely immune for providing the alleged testimony. As this Court is dismissing all of Plaintiff's claims as time barred or for failure to state a claim for relief, this Court will dismiss Plaintiff's entire complaint.

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint shall be DISMISSED. An Appropriate order follows.

>   *s/ Susan D. Wigenton*
> Hon. Susan D. Wigenton,
> United States District Judge